IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RAUL MARIANO DEL TORO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11-CV-648-TMH |
| ) | [WO] |
| ) | |
| DENNIS MEEKS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Raul Mariano Del Toro ["Del Toro"], a former county detainee, in which he challenges conditions of confinement at the Covington County Jail. In the amended complaint, Del Toro alleges (i) the ventilation system is unclean, (ii) the showers are not sanitary, (iii) drinks are dispersed to inmates from a dirty bucket, (iv) inmates are not provided adequate cleaning materials, and (v) there is no law library at the jail. Pl.'s Am. Compl. (Doc. No. 5) at 3-4. Del Toro names Dennis Meeks, the Sheriff of Covington County, Alabama, and Preston Hughes, the jail administrator, as defendants in this cause of action. Del Toro claims the conditions caused him to suffer mental anguish. *Id*. at 4. He seeks declaratory relief and monetary damages for the purported violations of his constitutional rights.

The defendants filed a special report, supplemental special report and relevant supporting evidentiary materials addressing Del Toro's claims for relief. Pursuant to the orders entered in this case, the court deems it appropriate to construe these reports as a motion for summary judgment. November 16, 2011 Order ( Doc. No. 19). Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of this motion, the evidentiary material filed in support thereof and the plaintiff's response, the court concludes the defendants' motion for summary judgment is due to be granted.

## II. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1] The party moving for summary judgment "always bears the initial responsibility of informing the district court

---

[1] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed. R. Civ. P. 56 Advisory Committee Notes. Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*. "'Shall' is also restored to express the direction to grant summary judgment." *Id*. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [– now dispute – ] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.

The defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact. Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it.") A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord

3

> deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted).  Consequently, to survive the defendants' properly supported motion for summary judgment, Del Toro is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claim(s) for relief. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Fed. R. Civ. P. 56(e).  "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted."  *Id*. at 249-50.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-77 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions . . . , in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere

4

verification of party's own conclusory allegations is not sufficient to oppose summary judgment . . . ."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of the Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than

5

simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-24 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact.  *Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.  In this case, Del Toro fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment.  *Matsushita*, *supra*.

## III.  DISCUSSION[2]

### A.  Suit Against Defendants in Their Official Capacities - Absolute Immunity

To the extent Del Toro sues the defendants in their official capacities, they are immune from monetary damages.  Official capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity."  *Kentucky v. Graham*, 473 U. S. 159, 166 (1985).  Under all facets of Alabama law, a county sheriff and his staff act as state officers "when supervising inmates and otherwise operating the county jails."  *Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289 (11th Cir. 1998); *see* Ala. Const. Art. V, § 112 (designates county sheriff as member of State's executive department); *see also Parker v. Amerson*, 519 So.2d 442 (Ala. 1987) (county sheriff is executive officer of the State).  "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134

---

[2] It is undisputed the actions about which Del Toro complains relate to conditions during his confinement as a pre-trial detainee rather than a convicted prisoner.  Regardless of his status, the applicable standard of review remains the same.  *Bell v. Wolfish*, 441 U.S. 520 (1979); *Lancaster v. Monroe Cnty., Ala.*, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997); *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996) (citations omitted) ("Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners . . . .  However, the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees."); *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1574 (11th Cir. 1985), *cert. denied*, 475 U.S. 1096 (1986) (For analytical purposes, there is no meaningful difference between the analysis required by the Fourteenth Amendment and that required by the Eighth Amendment.); *Tittle v. Jefferson Cnty. Comm'n*, 10 F.3d 1535, 1539 (11th Cir. 1994) (observing that "[w]hether the alleged violation is reviewed under the Eighth or Fourteenth Amendment is immaterial.").

L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe Cnty.*, 116 F.3d 1419, 1429 (11th Cir. 1997). In light of the foregoing, it is clear the defendants are state officials entitled to absolute immunity from the plaintiff's claims for monetary damages asserted against them in their official capacities.

### B. Living Conditions

Del Toro complains that during his confinement in the Covingon County Jail the defendants (i) failed to provide adequate ventilation, (ii) denied him clean living and shower areas, and (iii) dispensed beverages from a dirty container. The defendants adamantly deny the allegations made by Del Toro and submit relevant evidentiary materials, including affidavits and jail policies, in support of their assertions. Jesse Lamar Davis, a corrections officer at the Covington County Jail, addresses Del Toro's claims, in pertinent part, as follows:

> Inmates are responsible for cleaning their cells, showers and common areas within the cell blocks. Each morning, inmates are provided . . . mops and mop buckets filled with fresh water and a cleaning solution. The mops and mop buckets remain in the cell blocks throughout the day. A broom is also provided to each cell block. Inmates are to use these items to clean. If additional cleaning items are needed, the inmates can request those items and they will be provided by the jail staff or a trustee will be sent into the cell block to clean.
> The showers are sprayed with bleach on a regular basis [approximately two to three times per week]. Inmates can also request additional applications

>of bleach to the showers.  When requested, the showers are sprayed by a trustee or corrections officer an additional time.  To my knowledge, a request for additional bleach has never been denied.
>
>There are air conditioning and heating vents in the cell blocks of the Covington County Jail.  Dust and condensation sometimes accumulate on the vents.  The vents do not have black mold on them.  The inmates have the ability to clean these vents each day.

Defs.' Ex. C (Doc. No. 18-3) at 3.  With respect to Del Toro's claim regarding the drink container, officer Clifton Eugene Portrey maintains "drinks are poured for the inmates from a five (5) gallon bucket.  The buckets are used due to the large number of inmates served.  The buckets are cleaned each day with detergent and hot water.  Corrections officers . . . drink beverages poured from the same buckets."  Defs.' Ex. A (Doc. No. 18-1) at 3.  Additional affidavits submitted by the defendants and other correctional officers further contradict the allegations set forth by Del Toro.

Only those conditions which deny inmates "the minimal civilized measure of life's necessities" are grave enough to violate the Eighth Amendment.  *Rhodes v. Chapman*, 452 U.S. 337, 347 (19891).[3]  "'[T]he Constitution does not mandate comfortable prisons.' *Id.* at 349, 101 S.Ct. at 2400.  If prison conditions are merely 'restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.' *Id.* at 347, 101 S.Ct. at 2399.  Generally speaking, prison conditions rise to the level of an Eighth Amendment violation only when they 'involve the wanton and unnecessary infliction of

---

[3] The Eighth Amendment applies to the states through the Fourteenth Amendment. *Rhodes,* 452 U.S. at 344-45.

pain.' *Id.*" *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004).

A jail official may likewise be held liable under the Eighth Amendment for acting with "'deliberate indifference'" to an inmate's health or safety when the official knows that the inmate faces "a substantial risk of serious harm" and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A constitutional violation occurs only when a plaintiff establishes the existence of "a substantial risk of serious harm, of which the official is subjectively aware, . . . and [that] the official does not respond[] reasonably to the risk'. . . ." *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1028 (11th Cir. 2001) (en banc) (quoting *Farmer*, 511 U.S. at 844). Thus, to survive summary judgment on his claims challenging the conditions of confinement at the Covington County Jail arising from alleged deliberate indifference, Del Toro is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995); *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) ("To be deliberately indifferent, Defendants must have been 'subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer*, 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter*, 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991). . . . Even assuming the existence of a serious risk of harm and legal causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists–and the prison official must also 'draw

that inference.' *Farmer,* 511 U.S. at 837, 114 S.Ct. at 1979.").

The living conditions within a county jail will constitute cruel and unusual punishment when the conditions involve or result in "wanton and unnecessary infliction of pain, [or] . . . [are] grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes*, 452 U.S. at 347. "Conditions . . . alone or in combination, may deprive inmates of the minimal civilized measure of life's necessities.  Such conditions could be cruel and unusual under the contemporary standard of decency . . . .  But conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Id*. at 347. To determine whether conditions of confinement constitute cruel and unusual punishment, the court must look to the effect the condition has upon the inmate. *Id*. at 366.  In a case involving conditions of confinement generally or several different conditions, the court should consider whether the claims together amount to conditions which fall below constitutional standards. *Hamm v. De Kalb Cnty.*, 774 F.2d 1567 (11th Cir. 1985), *cert. denied Hamm v. De Kalb Cnty.*, 475 U.S. 1096 (1986); *see also Chandler v. Baird*, 926 F.2d 1057 (11th Cir. 1991).

Despite his contentions regarding the conditions of confinement at the Covington County Jail and assertion of resulting mental anguish, Del Toro does not establish that the challenged conditions denied him the minimal civilized measure of life's necessities or subjected him to a wanton and unnecessary infliction of pain. *Wilson*, 501 U.S. at 298-99; *Rhodes*, 452 U.S. at 347. Furthermore, Del Toro fails to demonstrate any deliberate

indifference or reckless disregard by the named defendants with respect to his health or safety. Specifically, Del Toro does not identify any particular incident or condition of which defendants Meeks and Hughes were aware from which an inference could be drawn that a substantial risk of serious harm existed. The record is also devoid of any evidence showing the defendants drew the requisite inference. Consequently, summary judgment is due to be granted in favor of the defendants on the claims challenging the physical conditions of confinement at the Covington County Jail. *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999); *see also Carter*, 352 F.3d at 1349-50.

### C. Access to Court

Del Toro contends the defendants denied him access to the court because the Covington Count Jail lacks an on-site law library. The defendants, however, maintain they provided Del Toro the opportunity to access the law library located at the Covington County Courthouse. "[T]he Covington County Jail has a policy regarding access to legal assistance. Pursuant to said policy, inmates may request in writing to have access to a law library . . . . The requesting inmate is scheduled [by the officer assigned to coordinate law library visits] to be transported to the Covington County Courthouse to the law library. The inmate is allowed to read and conduct research in the law library [at the courthouse.]" Defs.' Ex. C (Doc. No. 18-3) at 3.

The law directs that incarcerated persons are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts."

*Bounds v. Smith*, 430 U.S. 817, 825 (1977). In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court clarified and limited the right to assistance recognized in *Bounds*. Specifically, the Court held that "an inmate alleging a violation of *Bounds* must show actual injury" arising from the alleged inadequacies in the law library, legal assistance program or access provided by officials. *Lewis*, 518 U.S. at 349. In identifying the particular right protected by *Bounds*, the Court explained that "*Bounds* established no . . . right [to a law library or to legal assistance]. The right that *Bounds* acknowledged was the (already well-established) right of **access to the courts**. . . . [P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Id*. at 350-51 (emphasis in original) (citations omitted). The Court further opined *Bounds* did not require "that the State . . . enable the prisoner to **discover grievances**, and to **litigate effectively** once in court . . . . To demand the conferral of such sophisticated legal capabilities upon a mostly uneducated and indeed largely illiterate prison population is [not something] . . . the Constitution requires." *Id*. at 354 (emphasis in original).

The Court similarly rejected the argument that the mere claim of a systemic defect, without a showing of actual injury, presented a claim sufficient to confer standing. *Id*. at 349. Moreover, *Lewis* emphasized that a *Bounds* violation is related to the lack of an inmate's capability to present claims. 518 U.S. at 356. "*Bounds*, which as we have said

13

guarantees no particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts. When any inmate . . . shows that an actionable claim of this nature which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because this capability of filing suit has not been provided, he demonstrates" the requisite actual injury. *Lewis*, 518 U.S. at 356. Finally, the Court discerned that the injury requirement is satisfied only when an inmate has been denied "a reasonably adequate opportunity to file nonfrivolous legal claims challenging [his] convictions or conditions of confinement . . . . [I]t is that capability, rather than the capability of turning pages in a law library, that is the touchstone." *Id*. at 356-57. "[T]he Constitution does not require that prisoners . . . be able to conduct generalized research, but only that they be able to present their grievances to the courts – a more limited capability that can be produced by a much more limited degree of legal assistance." *Id*. at 360. The Court admonished that federal courts should allow prison officials to determine the best method of ensuring that inmates are provided a reasonably adequate opportunity to present their nonfrivolous claims of constitutional violations to the courts. *Id*. at 356. A federal district court must "'scrupulously respect[] the limits on [its] role,' by 'not . . . thrust[ing] itself into prison administration' and instead permitting '[p]rison administrators [to] exercis[e] wide discretion within the bounds of constitutional requirements.' [*Bounds*, 430] U.S. at 832-833, 97 S.Ct.

14

at 1500." *Id*. at 363.

The record in this case establishes jail personnel provided Del Toro legal materials and afforded him the ability to seek access to a law library during his confinement at the Covington County Jail. The pleadings filed herein, including those filed by Del Toro, likewise demonstrate the defendants in no way inhibited his preparation of legal documents, filing of relevant materials or processing of any cause of action. In addition, throughout the proceedings in this case, Del Toro demonstrated he is both proficient and prolific at presenting and arguing the claims of his choice to this or any other court. Nothing in the record indicates that the action about which Del Toro complains improperly impeded or adversely affected his efforts to pursue nonfrivolous legal claims. Del Toro has utterly and completely failed to come forward with any evidence that the actions about which he complains deprived him of the ***capability*** of pursing claims in this or any other court. Thus, Del Toro does not establish he suffered the requisite injury, *Lewis*, 518 U.S. at 356, and the defendants are therefore entitled to summary judgment on the access to court claim. *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006) (access to courts claim fails because plaintiff did not show any actual injury); *Chandler v. Baird*, 926 F.2d 1057 (11th Cir. 1991) (inmate entitled to no relief on access to courts claim in "the absence of any indications of ultimate prejudice or disadvantage . . . .").

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motion for summary judgment be granted;

2.  Judgment be entered in favor of the defendants;

3.  The costs of this proceeding be taxed against the plaintiff; and

4.  This case be dismissed with prejudice.

It is further

ORDERED that on or before **December 30, 2011**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en

banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 15th day of December, 2011.

>    /s/ Wallace Capel, Jr.
>    WALLACE CAPEL, JR.
>    UNITED STATES MAGISTRATE JUDGE